UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-109 |
| vs. | : | Judge Timothy S. Black |
| ROMAN IAKOVLEV (8), | : | |
| Defendant. | : | |

**ORDER DENYING
DEFENDANT IAKOVLEV'S MOTION FOR BOND**

This criminal case is before the Court on Defendant's motion for release on bond (Doc. 42), the parties' responsive memoranda (Docs. 58, 60), as well as Defendant's addendum (Doc. 71) and notice regarding passports (Doc. 108). The Court also has before it the Detention Order (Doc. 29) and Defendant's Pretrial Services Report (Doc. 124).

**I. BACKGROUND**

On July 25, 2018, a federal grand jury returned a one-count indictment charging Defendant Roman Iakovlev and eleven co-defendants with participating in a RICO conspiracy, in violation of 18 U.S.C. § 1962(d). (Doc. 3). As charged, Defendant faces a statutory maximum term of up to twenty years imprisonment upon conviction. 18 U.S.C. § 1963(a). As a non-citizen, Defendant would also face almost certain deportation. *See* 8 U.S.C. §§ 1101(a)(43)(J), 1227(a)(2)(A)(iii).

On July 31, 2018, Defendant was arrested at a warehouse near his home in Charlotte, North Carolina. (Doc. 58 at 3). That same day, Defendant was brought before

United States Magistrate Judge David S. Cayer in the Western District of North Carolina ("WDNC").  (Doc. 29 at 25).  Defendant was appointed counsel and scheduled for a detention hearing, which was held on August 3, 2018.  (*Id*. at 26).

Prior to the detention hearing, the U.S. Pretrial Office for WDNC prepared a pretrial report.  (Doc. 124).  The report notes that Defendant poses a risk of non-appearance due to the offense charged, the lack of verifiable, legitimate employment, and strong ties to a foreign country, Russia. (*Id*. at 4-5).  The Pretrial Officer recommended that Defendant be detained.  (*Id*. at 5).

Defendant's detention hearing proceeded as scheduled on August 3, 2018.  (Doc. 29).  Upon the hearing, Magistrate Judge Cayer found by a preponderance of the evidence that no conditions of release would reasonably assure the Defendant's appearance as required.  (*Id*. at 2-4).  The Magistrate Judge noted that Defendant's background information was unverified, there existed a lack of significant community of family ties to the District, and that Defendant had significant family or other ties outside the United States.  (*Id*.)  Accordingly, Defendant was ordered detained pending trial.  (*Id*.)

Defendant now seeks reconsideration of the Magistrate Judge's detention order, pursuant to 18 U.S.C. § 3145(b).  (Doc. 16).

## II.  STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3142(e)(1), "[i]f, after a [detention] hearing …, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person

and the community, such judicial officer shall order the detention of the [defendant] before trial."

A defendant may file a motion with the district court for revocation or amendment of a magistrate judge's detention order.  18 U.S.C. § 3145(b).  The majority of circuits, as well as most district courts within the Sixth Circuit, hold that the district court reviews a magistrate judge's detention order *de novo*.  *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127-29 (S.D. Ohio 2000) (collecting cases).

In determining whether any conditions will reasonably assure a defendant's appearance and the safety of the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g), including: (1) the nature and circumstances of the alleged offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community if the defendant is released.

### III.  ANALYSIS

In ordering Defendant detained, the Magistrate Judge addressed the appropriate statutory factors, and this Court now considers those same statutory factors *de novo*.

First, the nature and circumstances of the alleged offense are very serious.  The Defendant has been charged with participating in a nation-wide racketeering enterprise, which allegedly defrauded, extorted, or stole from approximately 1,000 known victims, spanning from 2013 until the Indictment in 2018.  (Docs. 3, 58 at 4).  The Court acknowledges that Defendant apparently did not become involved in the conspiracy until 2015.  Regardless, the racketeering conspiracy is a serious charge, and Defendant faces

3

substantial criminal penalties, to wit: up to 20 years in prison. 18 U.S.C. § 1963(a). Moreover, the number of victims indicates that the loss amount will be substantial and Defendant will likely face a significant advisory guideline range at sentencing. *See* U.S.S.G. § 2B1.1. Such significant penalties provide strong incentive to flee.

Second, as to the weight of the evidence, the Government evidences that the weight of the evidence against Defendant is strong. Defendant was the manager of the 724 Montana Drive warehouse between 2015 and 2018, a site of the racketeering enterprise, where he was arrested. (Doc. 58 at 7). The Government indicates that "Defendant Iakovlev stored customer goods belonging to individuals who[m] he knew were bring defrauded." (*Id.*) And there is significant evidence in the form of records and emails linking Defendant to the offense. (*Id.* at 7-8).

Third, Defendant's history and characteristics weigh against him in the Court's analysis because of his strong ties overseas (including Russia, which does not provide for extradition), as well as his access to significant monetary resources. Moreover, based on the specific allegations in this case, Defendant also has the means and ability to potentially obtain false identification documents. Thus, despite Defendant's family's willingness to forfeit their own passports in addition to Defendant's, the Court finds such forfeiture does not suffice to alleviate Defendant's risk of flight. Finally, Defendant's substantial likelihood of deportation upon conviction gives him enormous incentive to flee.

As to the fourth factor, the Court finds no specific risk of danger to the community *per se*. Defendant lacks any significant criminal history, and the instant alleged offense is not a crime of violence.

Having considered all relevant statutory factors, the information contained in the pretrial report, the recommendation of the Pretrial Officer, and the arguments of the parties, this Court concurs with the Magistrate Judge's conclusion and finds, independently, that no conditions or combination of conditions will suffice to reasonably assure Defendant's appearance. In short, no conditions of bond will suffice to alleviate Defendant's risk of flight.

Accordingly, Defendant's motion to modify order of detention (Doc. 42) is **DENIED** and Defendant Roman Iakovlev **SHALL** remain detained pending resolution of this criminal case.

**IT IS SO ORDERED.**

Date: 11/8/2019

Timothy S. Black
United States District Judge