UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-00109-008 |
| | : | |
| Plaintiff, | : | (Judge Timothy S. Black) |
| | : | |
| -vs- | : | |
| | : | |
| ROMAN IAKOVLEV, | : | |
| | : | |
| Defendant. | : | |

---

SENTENCING MEMORANDUM

---

Defendant, Roman Iakovlev ("Defendant"), through counsel, respectfully offers this Sentencing Memorandum in response to the Final Presentence Report ("PSR") submitted by the United States Probation Office ("Probation").

I.     FACTS AND PROCEDURAL HISTORY

The facts and the procedural history of this case are thoroughly and accurately detailed in the final PSR prepared by probation.  For that reason, counsel will not fully restate the facts and procedural history herein; rather, counsel will refer to the facts and procedural history as needed.  Probation filed its final PSR on July 27, 2020.  With the initial PSR, counsel was given an opportunity to address clerical and factual issues, as well as raise objections to the PSR.  Any objections were addressed by probation, and there are no issues and/or objections left unresolved.  However, notwithstanding this, Defendant did reserve the right to argue for a

- 1 -

below-guideline sentence due to his minimal role in the conspiracy which is the subject of the Indictment against him and others.  The Defendant now submits his Sentencing Memorandum in support of a sentence below the recommended guideline range.

## II.   THE STATUTORY PURPOSES OF SENTENCING: "SUFFICIENT BUT NOT GREATER THAN NECESSARY"

This Court is better aware than defendant's undersigned counsel of the relevant legal aspects of sentencing.  Rather than waste the Court's time in reanalyzing the numerous cases regarding sentencing, suffice it to say that sentencing is at the discretion of the Court.  18 U.S.C. §3553(a) specifies the factors to be considered in imposing a sentence.  Distilled down, this exercise calls for an evaluation of the seriousness of the offense, the likelihood of recidivism and the resulting necessary degree of punishment.  The sentencing determination "involves an exercise in judgment, not a mathematical proof."[1]  In this case, Probation has concluded that Defendant's proper Guideline Total Offense Level is 22 and a Criminal History Category I.  The corresponding sentencing range is 41 to 51 months of incarceration.  Notably, Probation has not made a recommendation to this Court, only specifying the Guideline range.  Defendant takes no issue with the PSR or the Guideline calculation.  However, Defendant would like to point out that his role in this conspiracy, with which it is believed the Court is well familiar, details a very minimal participation.  As a matter of fact, if the Court looks to the Statement of Facts attached to the Plea Agreement, it is very easy to determine the nature and extent of this Defendant's involvement in the conspiracy.  Again, distilled down, his involvement entailed the actual

---

[1] *United States v. Grossman*, 513 F. 3d 592, 596 (6th Cir. 2008).

unloading of boxes and property at the warehouse in Charlotte, North Carolina, that he managed; and then advising the executive offices in Florida as to the total number of cubic feet that the unloaded property occupied.  Nothing more.  This Defendant had nothing to do with the pricing that was issued to the various customers of the moving enterprises, nor did this Defendant have any contact whatsoever with these customers as far as refusing to return property or refusing to give any type of refund.  Simply put, Defendant simply notified his superiors as to the total amount of cubic feet that the property had taken up in the warehouse.  It would be disingenuous for this Defendant to argue that he was not aware that the company was, in fact, overcharging its customers.  In hindsight, Defendant recognizes that he certainly should have done something about it.  For this he is very sorry.

III.     NATURE AND CIRCUMSTANCES OF THE OFFENSE

As mentioned, the PSR sets forth the nature and circumstances of the offense as set forth in the Indictment.  This Defendant takes no issue with probation's analysis.  However, this Defendant would like to highlight the fact that he did not even move to the United States until January 2015, long after any criminal enterprise had been entered into by the various co-defendants.  When he did move to the United States from Volgograd, Russia, the only people that Defendant knew were others who had immigrated from Russia to the United States.  This includes his sister and her family who are located in Charlotte, North Carolina.  However, he also knew an individual by the name of Andre Shuklin, who is a co-defendant in this case.  Mr. Shuklin offered Defendant a job, and he readily accepted.  At the time, his English was very, very limited.

- 3 -

Defendant is in no way attempting to avoid responsibility for his criminal conduct.  As mentioned in the Plea Agreement itself, Defendant acknowledged that he knew that unlawful activities were taking place, and he assisted in those unlawful activities that were primarily perpetrated by other co-defendants.  The fact that he went along with those criminal activities is no excuse.  However, again, it is highlighted to the Court that his actual involvement in anything that had to do with the moving enterprises was extremely limited.  It is requested by Defendant that the Court take this into consideration in fashioning a sentence that is "sufficient but not greater than necessary" to punish him for his involvement.

IV.     CHARACTER OF THE DEFENDANT

Defendant is now 33 years old and has always been a non-violent, law-abiding citizen.  He has no criminal history whatsoever.  Defendant entered the United States in January 2015, after he won a "green card lottery" in Russia.  Defendant had visited his sister in the United States and enjoyed his time here and realized that it truly is the land of opportunity.  Having grown up in Russia, he sought the freedom and entrepreneurship that was afforded to all of those in the United States.

Defendant was very fortunate in being raised in an upper middle-class family in Russia. His parents have always been very attentive and supportive to him, and he certainly has no complaints about his childhood or the manner in which he grew up.  As a young man, Defendant was a professional soccer player.  He was invited to play for the Russian Olympic team at a very young age.  Unfortunately, while training he suffered a debilitating and career-ending knee injury.  It was then he began to focus on academics.  He obtained a law degree from Volgograd

State University in 2009.  He was employed as a lawyer in Russia prior to entering the United States.  Primarily, he worked as a bailiff for the Russian government.  Obviously, coming to the United States and working as a "helper" for a moving company and unloading moving vans was a bit of step down from being an attorney, but he relished his new opportunities in the United States.

## V.       THE RECOMMENDED GUIDELINE IS MORE THAN NECESSARY TO ACHIEVE THE NECESSARY DEGREE OF PUNISHMENT

The sentencing Court is required to "impose a sentence sufficient, but not greater than necessary to comply with the purposes" of 18 U.S.C. §3553(a).[2]  In addition to confinement, Probation has recommended that Defendant be placed on supervised release for a term of five years.[3]  It is believed that a period of supervised release is not particularly realistic and is, essentially, a moot point.  Since Defendant is not a citizen of the United States, although here legally, a conviction for an offense such as this will undoubtedly lead to deportation by Immigrations and Customs Enforcement.  This presents two issues that Defendant would like the Court to consider:  First, that being barred from the country that he has longed to reside in for many years and never being allowed to come back is very severe punishment for him.  He recognizes that the damage caused by members of the Moving Enterprises was also devastating and for that he is truly sorry.  Second, from a practical standpoint, it is likely that Defendant will be held by Immigrations and Custom Enforcement for a substantial period of time after any sentence imposed by this Court is completed.  Unfortunately, counsel cannot site this Court to

---

[2] *Grossman, supra*, 513 F. 3d at  594.

- 5 -

any particular circumstances, where studies that have been done by the government but from past experience it is well-known that often times immigrants remain in the custody of the marshal's office for a substantial period of time after completion of a sentence imposed by a sentencing court for their wrongful conduct.  This is one of the many reasons why Defendant will be requesting that this Court impose a sentence of "time served."  Regardless of the sentence ultimately imposed, Defendant agrees to these and any other conditions that may be imposed.

The recommended term of incarceration is more than is necessary to sufficiently punish Defendant and ensure that he never engages in such conduct ever again.  Defendant has already suffered and will to continue to suffer significant repercussions in his personal and professional life.  Defendant's wife and daughter had only been in the United States for 12 days before he was arrested on this particular charge.  He has been incarcerated since July 31, 2018.  He has not seen his daughter at all, although he does communicate with her frequently.  The sadness and remorse he feels because of this is beyond description.

Before this case, Defendant had never been in any type of trouble, legal or otherwise. Given this, coupled with his decision to plead guilty to the crimes as set forth in the Indictment leads one to conclude that it is highly unlikely that he would ever reoffend.  He recognizes the wrongful conduct, and he was one of the very first, if not the first, in this Indictment to step forward and accept responsibility for his actions.  This certainly mitigates in Defendant's favor.

---

[3] *PSR* at p. 22.

## VI.  A SENTENCE BELOW THE RECOMMENDED SENTENCE WOULD ADEQUATELY DETER THIS TYPE OF CONDUCT AND PROTECT THE PUBLIC

§3553(a) is specifically concerned with the deterrence effect of a sentence, as well as the protection such sanctions offer to the public.  In this case, since Defendant will undoubtedly be deported back to Russia, it is a virtual certainty that this country will never see him engaged in any type of criminal behavior again.  It is also highly likely that his original home, Russia, will not see any type of criminal behavior.  Moreover, if one of the concerns of the Court pursuant to §3553 is protection of the public, it is respectfully suggested that deportation from the United States will certainly protect all U.S. citizens.  In this instance, since Defendant will be suffering, and has already suffered, numerous ancillary consequences to his behavior, it is requested that a deviation from the guidelines be imposed by this Court.

## VII.  LETTERS OF SUPPORT

Letters in support of Defendant have been written and submitted directly to the Court *in camera* by people who are able to offer insight into Defendant.  It is noteworthy that the majority of letters come from Defendant's friends from Russia, whose language is somewhat limited.  Nevertheless, the statements contained in all of those letters are very heartfelt and sincere.  The Court will also receive documentation as to Defendant's academic achievements while growing up.  From a personal standpoint, counsel for Defendant would advise the Court that he has never had a client that was so cooperative, so remorseful, and so willing to do whatever he could to make things right.  Counsel believes this is extremely important.

VIII.    MITIGATION SUMMARY

Defendant highlights several mitigating factors:

1.    Defendant is 33 years old and has no prior convictions;

2.    Defendant has in no way minimized his culpability and has fully accepted his responsibility in this matter;

3.    Defendant has come forward and cooperated in every way he is able; and,

4.    Regardless of the sentence ordered, Defendant has the strong support of family and friends, which will help him in fulfilling any and all Orders of the Court in relocating to his native Russia.

IX.    CONCLUSION

Probation has concluded that the Guidelines provide an advisory range of 41 to 51 months in custody.  In consideration of the foregoing and especially the advisory nature of the Guidelines pursuant to *United States v. Booker*[4], Defendant respectfully requests a downward departure to a Guideline range below that recommended by probation.  Such a sentence would be sufficient to reflect the seriousness of his offense, would promote respect for the law, and would provide appropriate punishment.[5]  For these reasons, his sentence of "time served" is believed to be the appropriate sentence.

---

[4] 125 S.Ct. 738.
[5] 18 U.S.C. §3553(a)(2)(A).

Given the foregoing, Defendant respectfully moves the Court to depart downward from the range submitted in the PSR and sentence him as set forth herein.

Respectfully submitted,

_____

Edward J. McTigue (0002077)
Attorney for Defendant
810 Sycamore Street, Sixth Floor
Cincinnati, Ohio 45202
Telephone: (513) 338-5611
Facsimile: (513) 241-1572
Email: ejmctigue@cincilaw.net

## CERTIFICATE OF SERVICE

I hereby certify that, on August 27, 2020, I electronically filed the forgoing with the Clerk of the United States District Court using the CM/ECF system, which will notify the attorneys of record of such filing.

_____

Edward J. McTigue (0002077)
